**TEXAS & N. O. R. CO. et al. v. LOUISIANA PUBLIC SERVICE COMMISSION et al.**

**LOUISIANA PUBLIC SERVICE COMMISSION et al. v. UNITED STATES.**

Nos. 194, 202.

District Court, E. D. Louisiana, Baton Rouge Division.

June 11, 1930.

Esmond Phelps, R. E. Milling, Jr., and Harry McCall, all of New Orleans, La., for various railroads.

Percy Saint, Atty. Gen., of Louisiana, Wylie M. Barrow, Asst. Atty. Gen., of Louisiana, for Louisiana Public Service Commission.

Elmer B. Collins, Asst. Atty. Gen., of the United States, for the United States.

J. Stanley Payne, Sp. Atty. to Interstate Commerce Commission, of Washington, D. C., and Bertrand I. Cahn, City Atty., of New Orleans, La., and L. E. Morgan, for Louisiana Public Service Comm.

Before FOSTER, Circuit Judge, and HOLMES and BORAH, District Judges.

FOSTER, Circuit Judge.

The Interstate Commerce Commission in an extended hearing, at which voluminous testimony was taken, investigated the rates on sand, gravel, crushed stone, and shells within the Southwest. The railroad commissions and the highway commissions of various southwestern states, including Louisiana, participated in the hearing. The commission found that certain interstate rates on the said commodities were too high and certain intrastate rates were too low, and on June 3, 1929, entered an order requiring the carriers to institute both interstate and intrastate rates according to a mileage schedule on carload movements. 155 I. C. C. 247. By a supplemental report and order of September 30, 1929, the original order was somewhat modified. The railroad commissions of Arkansas, Oklahoma, and Texas approved the basis of rates for intrastate application. The Louisiana railroad commission approved only so far as they applied to the territory north of the Vicksburg, Shreveport & Pacific Railroad (now Yazoo & Mississippi Valley Railroad). Thereafter, the interested carriers applied to the railroad commission of Louisiana, which is denominated the Louisi-

294

ana Public Service Commission, for permission to inaugurate rates in keeping with the requirements and order of the Interstate Commerce Commission. This was denied, and the Texas & New Orleans Railroad Company and 24 other railroads filed a bill to enjoin the commission, its members and several public officials necessarily made party hereto, from interfering with the said railroad in inaugurating the schedules of rates for which permission had been denied. In this suit a restraining order issued on bond, and after a hearing a preliminary injunction was granted injoining the Louisiana Public Service Commission as prayed for. Thereafter the Louisiana Public Service Commission filed a bill seeking a judgment annulling that portion of the order of the Interstate Commerce Commission affecting the rates which the Louisiana Commission had declined to adopt. Both suits were heard at the same time on the merits.

It is contended that whatever evidence there may have been to sustain the Interstate Commerce Commission's finding as to rates in the territory investigated, including that portion of Louisiana north of the Vicksburg, Shreveport & Pacific Railroad, there was no evidence whatever to sustain the commission's order as to the territory south of the said railroad, which portion of the order the Louisiana Commission declined to comply with. If that were true, we would have jurisdiction to set aside the order to that extent, but we do not find it to be so. Necessarily, in an inquiry of such wide range the commission could not possibly have evidence touching every particular movement between every designated point, but we think that on the whole there was substantial evidence before the commission upon which to base its conclusions as to the entire territory. We conclude that the commission acted well within its authority in entering the order complained of, and that we are without jurisdiction to grant the relief prayed for.

It follows that in No. 194 the preliminary injunction granted will be made permanent, and in No. 202 there will be judgment denying relief to the plaintiffs and dismissing the bill. Railroad Commission of State of Wisconsin v. C., B. & Q. R. R. Co., 257 U. S. 563, 42 S. Ct. 232, 66 L. Ed. 371, 22 A. L. R. 1086; New York v. United States, 257 U. S. 591, 42 S. Ct. 239, 66 L. Ed. 385; Virginian R. Co. v. United States, 272 U. S. 658, 47 S. Ct. 222, 71 L. Ed. 463.